IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANN MERAW,<br><br>    Defendant. | Civ. No. 6:11-cr-60119-MC-1<br><br>OPINION AND ORDER |

**MCSHANE, Judge**:

The government charged defendant with one count of bankruptcy fraud, in violation of 18 U.S.C. § 152(1), in an information dated October 6, 2011. *See* Information 1–2, ECF No. 36. Defendant consented to transfer this case under Fed. R. Crim. P. 20[1] to the Southern District of Georgia. *See* Consent to Transfer 1, ECF No. 45. Defendant subsequently plead guilty to bankruptcy fraud (18 U.S.C. § 152(1)) and false statements in bankruptcy (18 U.S.C. § 152(3)) and was sentenced to two concurrent 28 month imprisonment terms. *See* Judgment, 4:11-cr-00249-WTM-GRS, ECF No. 55 (S.D. Ga.).

---

[1] Fed. R. Crim. P. 20 provides, in relevant part:

> (a) Consent to Transfer. A prosecution may be transferred from the district where the indictment or information is pending, or from which a warrant on a complaint has been issued, to the district where the defendant is arrested, held or present if:
>
> > (1) the defendant states in writing a wish to plead guilty or nolo contendere and to waive trial in the district where the indictment, information, or complaint is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and
>
> > (2) the United States attorneys in both districts approve the transfer in writing.

1 – OPINION AND ORDER

Defendant now moves this Court to dismiss all information, to release defendant, and to enter an order of public notice. However, as noted by this Court in an earlier order, *see* Order, May 14, 2013, ECF No. 57, this Court lacks subject matter jurisdiction[2] over this matter because defendant consented to transfer and pled guilty. *See United States v. Khan*, 822 F.2d 451, 455 (4th Cir. 1987) ("subject matter jurisdiction is, thereby, shifted from the charging district to the transferee district."); *see also United States v. Roberts*, 618 F.2d 530, 542 (9th Cir. 1980) (Wyatt, J., dissenting) ("The reported decisions hold or recognize that where an indictment is transferred under Rule 20, the transferor court loses jurisdiction and the transferee court acquires exclusive jurisdiction of the indictment proceeding."). In addition, defendant has failed, as required by Local Rule 83-9(b), to appear on the current motions through counsel. Accordingly, defendant's motions to dismiss all information and release defendant, ECF No. 62, and to enter order of public notice, ECF No. 66, are DENIED.

IT IS SO ORDERED.

DATED this 4th day of August, 2014.

_____
**Michael J. McShane
United States District Judge**

---

[2] This Court recognizes that there is disagreement as to whether Rule 20 is a "venue" or "jurisdictional" rule. *See, e.g., United States v. Torres*, 399 F. Supp. 2d 549, 557 (S.D. N.Y. 2005).

2 – OPINION AND ORDER